UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

GLORIA M. MONTES                    :       BK No. 05-10490
            Debtor                          Chapter 7


GLORIA M. MONTES                    :
            Plaintiff
v.                                  :       A.P. No. 05-1054


INDEPENDENT AUTO SALES INC.         :
            Defendant

- - - - - - - - - - - - - - - - - -x


## DECISION AND ORDER GRANTING
## PLAINTIFF'S REQUEST FOR TURNOVER, AND OTHER RELIEF

APPEARANCES:

        Christopher M. Lefebvre, Esq.
        Attorney for Debtor/Plaintiff
        LAW OFFICES OF CLAUDE LEFEBVRE & SONS
        P.O. Box 479
        Pawtucket, Rhode Island 02862

        William J. Delaney, Esq.
        Attorney for Defendant
        TILLINGHAST LICHT LLP
        Ten Weybosset Street
        Providence, Rhode Island 02903




BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 05-10490; A.P. No. 05-1054

Heard on the Debtor's Complaint requesting: (1) turnover of
the certificate of title to her car; and (2) declaratory relief to
the effect: (1) that a lien securing payment under the Retail
Installment Contract entered into between the parties is fully paid
and satisfied; (2) any obligation for car repairs performed by the
Defendant is an unsecured debt. The Defendant argues that a so-
called *repair order* should be deemed an extension of the original
retail installment contract, and that its claim for repairs was
secured under said *repair order*. Based on the facts, and the
following analysis and discussion, I find that the Defendant has
been paid in full under the Retail Installment Contract, and
conclude that any claim for repairs is an unsecured claim that has
been discharged in this bankruptcy case.

## BACKGROUND

The material facts, which are not disputed, appear in the
Joint Pre-Trial Order filed in this adversary proceeding, and need
not be fully repeated here. Briefly, however, in October 2001,
Gloria Montes purchased a used 2000 Dodge Intrepid, on credit, from
the Defendant, Independent Auto Sales, Inc. (hereinafter "IAS"),
evidenced by a standard Retail Installment Contract and Security
Agreement (Exhibit 1). In September 2004, Montes asked IAS for,
and received, an itemized payoff figure, which indicated a balance
of $597.70 on her auto loan. *See* Exhibit 2. On October 4, 2004,

1

BK No. 05-10490; A.P. No. 05-1054

believing she was paying the car loan in full, Montes tendered, and IAS accepted, a payment of $600.  *See* Exhibit 3.[1]  About two weeks thereafter, when Montes brought her car to IAS for engine work, she was presented with a "Repair Order" indicating that the repairs would cost $2,375.67.  Hand written on the Repair Order is the following:  "To be paid weekly starting 10/22/04 @ $100 weekly plus accrued interest and late charges and insurance fees.  Nonpayment subject to repossession." *See* Exhibit 4.  Below the handwriting is a hand drawn line under Ms. Monte's signature.[2]  Pursuant to the Repair Order, Montes paid an additional $1,018 to IAS.  On February 18, 2005, Montes filed her Chapter 7 petition.

## DISCUSSION

The Defendant's main argument is that the Repair Order (Exhibit 4) constitutes a modification and/or extension of the original retail installment agreement.  This argument does not fly, and a brief look at the Uniform Commercial Code as adopted in Rhode Island tells us why.  Under R.I. Gen. Laws 6A-9-109(4)(d)(2), the

---

[1] IAS contends that notwithstanding the payoff figure provided a month earlier, Montes still owed $481.25 under the retail installment contract for interest, late charges, and forced placed insurance.  IAS acknowledges that its September payoff figure was inaccurate.  As discussed *infra*, however, this issue was rendered moot by subsequent payments by Montes to IAS.

[2] Montes testified that the handwriting was not on the Repair Order when she signed it.  The Defendant contends that the writing was there.  Since the resolution of this disputed fact is not integral to this decision, it is left undecided.

2

BK No. 05-10490; A.P. No. 05-1054

UCC does not apply to "a lien, other than an agricultural lien, given by statute or other rule of law *for services or materials*." (Emphasis added.)  In Rhode Island the only way to obtain a lien for repairs to a motor vehicle is set forth in R.I. Gen Laws § 34-32-1, which provides:  "No person shall attach or cause a lien to be levied upon any motor vehicle for money due for repairs to the motor vehicle in an amount exceeding an authorization signed by the owner indicating the cost of the repairs."  Both parties agree, and in fact the principal of IAS, Thomas Dunn, testified that the Repair Order signed by Montes is not a work authorization, but rather a bill that was presented *after* the repairs were completed. Mr. Dunn concedes that no written work authorization was obtained from Ms. Montes prior to IAS commencing repairs.  For these reasons, IAS does not have a lien on the motor vehicle for the repairs it provided.

Because IAS has received, in total,[3] considerably in excess of what it now claims was due under the retail installment contract, it is clear that IAS's secured claim for the car loan has been fully satisfied, and that any balance due IAS for repairs is an unsecured debt which is discharged in this bankruptcy case.

---

[3] Includes payments made under the retail installment contract and for the repairs to the motor vehicle.

3

BK No. 05-10490; A.P. No. 05-1054

Accordingly, IAS is **ORDERED** to turnover clean title to the 2000

Dodge Intrepid to the Debtor within seven days.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this      28th      day of

July, 2006.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 7/28/2006

4